IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF TENNESSE
AT NASHVILLE

James Mitchell Roysdon

v.

Fentress County, Tennessee,
"Sheriff Michael Reagon",
In his official and individual Capacity
Deputy Jerry Delk,
In his official and individual Capacity
~ Defendants - (5)

No. _____

Jury Demand

RECEIVED
IN CLERK'S OFFICE
OCT 3 1 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

## COMPLAINT

Comes the Plaintiff, James Mitchell Roysdon, and sues the defendants, Fentress County, Tennessee, and Sheriff Michael Reagon and Jerry Delk, deputy in their individual and official Capacity

### I. Jurisdiction and Parties

1. At all times hereto, the Plaintiff was a post trial detainee in Jail Arrested for "Driving while license suspended," "Possession of Sch 6," "Possession of SCH 2 (meth)" "Criminal Impersonation," All cases pending at the time of arrest in the General Sessions Court for Fentress County Tennessee, located in Jamestown, Tennessee.

2. Defendants Fentress County, Tennessee ("Fentress County") is Political sub-divisions within the State of Tennessee and is "Persons" that is Contemplated in this suit by 42 U.S.C. § 1983 Defendants Sheriff Michael Reagon and Jerry Delk at all times material hereto was the duly sworn in Sheriff for Fentress County, Tennessee And Jerry Delk is a deputy in Fentress County that is being sued by Plaintiff in this said Complaint, they are "persons" in this Complaint and suit 42 U.S.C. § 1983

1.

4.) Defendants(s) Fentress County, Tennessee may be served with Process through it's County Executive, J. Michael Cross, 101 Main St. South, Jamestown, TN. 38556.

Defendant(s) Sheriff Michael Reagon is being Sued in his individual and Official Capacity and may be served at 140 Justice Center DR. Suite 1, Jamestown, TN. 38556

5.) Defendant,(s) Fentress County, TN. may be served with Process through it's County Exective, J. Michael Cross, 101 Main Street South, Jamestown Tennessee. 38556.

Defendant Jerry Delk is being sued in his individual and Official Capacity, and may be served at 140 Justice Center Dr. Jamestown TN. 38556 suite 1 38556

6.) Defendants(s) Sheriff Michael Reagon and defendant Deputy Jerry Delk, At All times Material hereto defendants(s) Sheriff Michael Reagon and defendant Jerry Delk Acting under the Color of law.

All of the Acts and occurances giving Rise to this complaint occurred in the town of Jamestown Fentress County and in Charge of the Fentress County Sheriffs department. As the Sheriff of Fentress County Tennessee, Sheriff (defendant) is in Charge of his deputies, Sheriff is the Policy-Maker.

7. At All times Material hereto, Defendants (s) JERRY Delk (Deputy) was Acting under the color of law. All of the acts And occurences giving rise to this complaint occured in the town of Jamestown, Fentress County, Tennessee. It is the duties of (Deputy) JERRY Delk As A officer of the law to be RESPONSIBLE And Act occording AS law permits.

8. THE Civil Rights claims in this Complaint are made pursuant to 42 U.S.C. § 1983 and § 1988 and the Eighth and Fourteenth Amendments to the United States Constitution. THIS Court maintains Jurisdiction Pursuant to the above Statutes THIS Court maintains subject matter jurisdiction over the state tort claims made in this Complaint Pursuant to Title 28 U.S.C. § 1367.

## II. STATEMENT OF FACTS

9. THE Plaintiff would Adopt And RE-STATE the Allegations Contained in paragraphs 2-7 AS if fully set forth Herein

10. On or About September 9, 2017 while Plaintiff was sitting in a family members driveway on Conatser Hollow Road Deputy Johnny Dishman pulled up on Conatser Hollow Road, Plaintiff got out of his truck to see what the officer needed.

11. At This time three more deputies pulled up behind Deputy Johnny Dishmans patrol CAR. SGT MAX Goodpaster

(3)

## STATEMENT OF FACTS

Continue #9, SGT/K9 DEREK RICHARDS, Deputy JERRY DeLK, (Defendant) Also within 4 to 5 minutes After other deputies Arrival, (Defendant) Sheriff MichAEL REAGON Arrived.

10. Plaintiff, Did give Anothee NAME other than his own because Plaintiff new of A WARRANT on him for driving on A Suspended license, however later Addmitted his ReAl NAME to (defendant) JERRY DElK.

11.) Plaintiff, Agreed for K9/officer to let his Dog Deputy DeREK Richards SEARch his truck.

11. Plaintiffs, Ask his FiAnCE Heather E. TRAMBURGH to step out So that Authorties could SEARch the vehicle.

12.) "Defendant", Sheriff MichAEl REAgan And "Defendant" JERRY Delk continued to talk with JAMES M. Roysdon, Plaintiff, it was dearing which time "Defendant" MichAEl REAgon Sheriff of FEntress County Ask Johnny Dishman to run A NCIC on the tools that was in the back of Plaintiffs truck.

13.) Within minutes of running NCIC on work tools of (All tools) dispatch cAME back on police SCANNER CleARing tools of Any out-Standing stolen property.

14.) Plaintiff, explained to (Defendants(s)) MichAEl REAgon And Deputy JERRY DElK that he does Construction work and needs the tools to work And run his business.

(4)

# Continuing Facts

15.) Defendant(s) Sheriff Michael Reagon said that the Plaintiffs truck would have to be towed in and placed into impound lot due to there being no active insurance on the vehicle, defendant Reagon (Michael Reagon) stated that the Plaintiff could have all personal property from the truck.

16.) Plaintiffs, Fiancé Heather E. Iramburgh tried to explain to Authorities she did in fact have insurance on any vehicle she was in control of.

17.) Plaintiffs, Fiancé was then being arrested and charged with "Possession of Suboxone", who infact gets a perscription for the medicine. At first Plaintiffs, Fiancé was originally charged with Schedule 3.

18.) Plaintiff, was then arrested for "Criminal Impersonation" driving on suspended license, which now admits he never was driving the vehicle, and only pled guilty to the charge because he felt it was in his best intrest at the time.

19.) Authorties also charged the Plaintiff, James Roysdon and his Fiancé with Possession of Meth Sch(2) and Possession of Pot Sch(6). Plaintiff, was later advised by his attorney Howard Ellis that it would be in Plaintiffs, best intrest to plead guilty to all charges.

20.) Because Plaintiff was in fear of the said corrupted system in Fentress County Tennessee he did plead guilty to ("driving on suspended)" (Schedule (2) Possession of meth) Possession of Sch 6 (Pot)

(5.)

Case 2:17-cv-00067    Document 1    Filed 10/31/17    Page 5 of 15 PageID #: 5

## Continuing Facts

21.) Defendant, Deputy Jerry Delk, said, claims he "found" a bag of meth in Plaintiff's truck, when Plaintiff, James M. Roysdon ask defendant to test the bag of meth in question "defendant" Jerry Delk stated he did not have to test the bag in front of Plaintiff.

22.) "Defendant, Jerry Delk arrived at booking 3 to 5 days after plaintiffs arrest with another Fentress County deputy who at this time is not known by plaintiff, and told plaintiff to sign and agree for the Sheriff's department in Fentress County TN. to seize his (Plaintiffs) truck due to it being used in cargo trailer thefts.

23.) Plaintiff Refused to agree to sign forfeiture of the 1997 Dodge truck.

24.) Plaintiff, ask that the property in vehicle to be released to Double A Bonding Kristy Ford 423-215-8871 "Sheriff" "defendant," denied release even though property of "deceased" Plaintiff's father bought and paid for tools etc... and NCIS advised defendants Michael Reagon deputy Delk items in truck were not stolen.

25.) Even though Defendants(s) Michael Reagon, Jerry Delk new the property of deceased father was not stolen both refused on several occasions to let family and Double A Bonding Kristy Ford, who is a Notary public retrieve plaintiffs James Roysdons deceased fathers tools that plaintiff runs his business with.

(6)

26.) Johnny Dishman (Deputy) MAX GoodPAster (deputy) Derrick Richards (Deputy) (Jerry Delk (defendant) lied on their WARRants on 9/9/2017.

27.) Johnny Dishman deputy for Fentress County Sheriffs department, Stated he made A traffic stop on Plaintiff James M. Roysdons truck on Conatser Hollow Road in Fentress County Tennessee.

28.) Defendant Jerry Delk) Stated on his Affidavit of Complaint that he backed up deputy Dishman up on the traffic Stop of Plaintiff of James, M. Roysdon.

29.) There was never A traffic Stop At All, Plaintiff was Already at his family members when authorties Started Arriving.

30.) Not one time did Johnny Dishman (deputy) nor (Defendant) Jerry Delk who both works for Fentress County Sheriffs department make A traffic stop.

31.) Dash Cams, and Statements made on 9/9/2017 on, or for police cars will not Show A traffic stop.

32.) Dash Cam, will prove however that "Defendant" Michael Reagon did agree to give Plaintiffs property, All property to him. "Released"

33.) That on or About September 28th or 29th, 2017 Defendant, Michael, Sheriff Reagon, did shake Plaintiffs James Roysdons hand in front of Jail Door pod 306 then cussed Plaintiff and call Plaintiff A liar.

## CONTINUING FACTS

34.) _Plaintiff_, Has sit in Jail in Fentress county (30) days today.

35.) _Plaintiff_, has made many Attempts to have family be Allowed to pick-up his property.

36.) James M. Roysdon "Plaintiff" Is very "damaged" due to not being Allowed to have his property released property, mainly tools, "Chain Saw", "Air Conpresser" etc..

37.) The two items (2) (Stihl Chain Saw) Hand Tools, (Bousch Double TANK Air-Conpressor) (Shinggle GentEL Ladder Lift) All tools used to run his business. Some of same tools that Plaintiff James Roysdon, and his diceased father ran their family business with.

38.) "Plaintiff" James M. Roysdon, would submit on this October 9th day of 2017 that AS A direct proximate result of Defendants (s) Actions he does suffers injuries And/or damages including, but not limited to mental Anguish, physical And mental pain and suffering, embarrassment, and humiliation.

### Count I
### Section 1983 And 1985 Claims

39) The Plaintiff would Adopt and RE-state the Allegations set forth in paragraphs AS ›1-38 As if fully set forth herein.

(8.)

Case 2:17-cv-00067    Document 1    Filed 10/31/17    Page 8 of 15 PageID #: 8

40.) At all times material hereto, "Defendants, Reagan and, Delk" Defendant" was acting in both their individual and official copacity, and was also acting under the color of STATE LAW.

41.) The Plaintiff would submit he told Defendants(s), several times that the tools, was his diceased fathers (David Earl Roysdon) who passed away in the year of 2012, January 16th, 2012 leaving them to his son to run the family business with.

42.) Defendants, Sheriff Michael Reagan, defendant Jerry Delk, both officers of the law enforcment of Fentress County Tennessee stated HE could not have, (Plaintiff) anything, however the day of the incident 9/9/2017 Defendant Reagan, the Sheriff said I could have my personal property from the vehicle due to none of it being stolen.

43.) Defendants(s) Reagan, defendant Delk, Sheriff and deputy of Fentress County TN. unlawfully caused mental health damages pain and suffering, embarrasment, and humiliation.

(9.)

44.) "Pain and suffering", due to the fact the family tools have sentimental value because Plaintiffs father left the tools to him to continue the family buisness, and at this time defendants, Reagan and Delk both suppose "suppose" to be upstanding law-biding forcing in good faith citizens has deprived Plaintiff of them.

45.) <u>Mental Augish</u> - Plaintiff has sit in the Fentress County jail making every effort he know's how to, to plead and beg defendant, Sheriff Michael Reagan to release his fathers family tools to family, Double A Bonding Kristy Ford, also Reagan has left tools in the back of Plaintiffs truck in a open impount lot at Fentress County Justice Center in the weather being damaged daily, by the minute.

46) The day of Incident 9/9/2017 Saturday, September Plaintiff, James Roysdon while sitting at a family members home waiting on his uncle to arrive Plaintiff, was <u>Seriously Embarrased</u>, and <u>Humiliated</u>, when family members landlords son came to see why all the police (Defendants, Sheriff Michael Reagan) defendant Jerry Delk) included, was at the rented home.

47.) four Police Cars, one car being "defendat" Jerry Delk one truck Police truck belonging to "Defendant" Sheriff Michael Reagan.

(10.)

48.) "Plaintiffs,"(uncle) Arrived home to see All of the police in his drive-way. Plaintiff, was, and still is suffering from _Mental Auguish_, _embarrassment_, _Pain and Suffering_ _Totally Humiliated_.

49.) Moreover, Sheriff Michael Reagan Defendant, Deputy Jerry Delk, in both their individual and official capacity violated and deprived Plaintiff of his rights, constitutionally Protected rights and took part in a conspiracy with each other to deprive the plaintiff, of his property Causing Plaintiff, _Mental Auguish_, _embarrassment_ _Pain and Suffering_, and _Humiliation_.

50.) This has violated Plaintiff, James M. Roysdon's Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitutional rights, and 42 U.S.C. §§ 1983 and 1985.

60.) The Plaintiff, would also submit the actions of defendant Reagan and defendant Delks actions constituted excessive force in violation of the united States Constitution, by continuing to refuse to release Plaintiffs property and vehicle that is, or never has been part of any thefts, nor drug Sells, nor was part of any traffic Stop.

(11.)

61.) The plaintiff, James Roysdon would also submit the conduct of Defendants constitutes an unconstitutional custom, policy or practice of Fentress, Tennessee.

62.) Defendant, Michael Reagan is the final and ultimate policy-maker authority for law enforcement in Fentress County, Tennessee and for the purpose of imposing liability under 42 U.S.C. §1983. According to the Plaintiff would be, and will submit Fentress County, Tennessee is liable for the actions, conduct, customs, policy and practices of Sheriff Michael Reagan, Defendant, and Deputy Jerry Delk.

<u>Count II</u>
<u>STATE TORT Claims</u>

63) The Plaintiff would Adopt and RE-state the Allegations contained in paragrahs 1-21 As if fully set forth herein

64) Thus he is guilty of the common law tort, as a direct and proximate result of defendants Actions, Plaintiff suffered damages set forth in another paragrah, <u>Mental Anguish</u> <u>Embarrassment</u> <u>Pain and Suffering</u>     (12.)     <u>Humiliation</u>

65.) Furthermore, Defendants(s)[2] conduct is outrageous such that it should not be tolerated by their, said co-workers or a civilized society.

66.) Plaintiff continues to suffer with No-Rest, No-relief and the Plaintiff continues to ask for his vehicle and fathers property to be released.

67.) The mental state of Plaintiff James Roysdon is almost unbearable because of the lack of care from the "defendants," Sherriff Michael Reagan and deputy Jerry Delk, and his thoughts of them to be upstanding citizens.

68.) Thus the defendants is guilty of the common law tort of intentional infliction of also emotional distress.

69.) The "Plaintiff" would submit Fentress County, Tennessee is vicariously liable for the common law torts committed by Defendants, Sheriff Michael Reagan and defendant, Jerry Delk.

(13.)

Case 2:17-cv-00067    Document 1    Filed 10/31/17    Page 13 of 15 PageID #: 13

# IV. PRAYER

Wherefore Premises Considered the Plaintiff would pray this Honorable Court for the following relief:

A. That process issue upon the "defendants"(s) and they each be required to file an answer within the time period prescribed by law;

B. That a jury be impaneled to hear and determine all issues so triable;

C. That Plaintiff be granted a judgment against all defendants, jointly and severally, for compensatory damages in a amount to be determined in the final trial of cause, trial of this cause;

D. That the Plaintiff be granted judgment against Defendants, Sheriff Michael Reagan and defendant Jerry Delk for damages in an amount to be determined in a trial of cause for "punitive damages";

E. The Plaintiff be granted his reasonable attorney fees pursuant to 42 U.S.C. §1981 and

F. That the plaintiff be granted such other relief to which he may show himself entitled upon a final trial in this cause.

Respectfully Submitted this the 10th day of October September, 2017

Notary public Julie J. ~~~

Commission Expires 10-23-2018

James Roysdon

by James Roysdon
Pro Se James M Roysdon
140 Justice Center Dr.
Jamestown TN 38556

James Roysdon
140 Justice Center Dr.
Jamestown TN. 38556

C/o Ashley Thomas

LEGAL MAIL

RECEIVED
IN CLERKS OFFICE
OCT 31 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

"The writer of this letter is an inmate of county ____ justice center."

Kennedy Court Broadway

"Federal Court House"

In The United States Court For The Middle District of Tennesse[e]

AT Nashville

Nashville, TN.

37203

Notary Public
P.O.C.
James M. Roysdon

